1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FRANCISCO IBARRA, | ) | Case No.: 5:12-CV-02271-EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **CITY OF WATSONVILLE, MANNY** |
| v. | ) | **SOLANO, TERENCE MEDINA AND** |
| | ) | **CARLOS PALACIOS' MOTION TO** |
| CITY OF WATSONVILLE ET AL., | ) | **DISMISS; GRANTING DEFENDANT** |
| | ) | **BELCHER, EHLE, MEDINA &** |
| | ) | **ASSOCIATES' MOTION TO** |
| Defendants. | ) | **DISMISS; GRANTING IN PART** |
| | ) | **DEFENDANTS' MOTIONS FOR A** |
| | ) | **MORE DEFINITE STATEMENT** |
| | ) | |
| | ) | |
| | ) | **[Re: Docket Nos. 16, 18]** |
| _____ | ) | |

Presently before the court are Defendants City of Watsonville ("the City"), Manny Solano

("Solano"), Terence Medina ("Medina"), Carlos Palacios ("Palacios") and Belcher, Ehle, Median

& Associates' ("BEMA") (collectively, "Defendants") Motions to Dismiss Plaintiff's First

Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motions

for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(f).  Defendant

BEMA has moved for such relief separately.  The court has subject matter jurisdiction pursuant to

1

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

1  28 U.S.C. § 1331.  The court found this matter suitable for decision without oral argument pursuant

2  to Civil Local Rule 7-1(b) and previously vacated the hearing.   Having reviewed the parties'

3  briefing, the court GRANTS Defendants' Motions to Dismiss, and GRANTS in part Defendants

4  the City, Solano, Medina, and Palacios' Motion for a More Definite Statement.

5  **I.    BACKGROUND**

6      This retaliatory termination case arises out of Plaintiff Francisco Ibarra's ("Plaintiff")

7  termination from the Watsonville Police Department ("the Department").  Plaintiff became a police

8  officer in the Department on March 27, 1995 and remained employed there until his termination on

9  May 10, 2010.  FAC ¶¶ 3, 14, 47, Dkt. No. 9.   The FAC essentially alleges that Chief of Police

10  Medina and Deputy Chief Solano came to dislike Plaintiff and sought "any excuse or reason to

11  terminate him."  FAC ¶ 41.  Plaintiff points to a number of incidents allegedly leading to Medina

12  and Solano's distaste for him and evidencing their threats against him.  For convenience, the court

13  will group these allegations on-the-job incidents, internal complaints, and union activities.

14      First, Plaintiff points to a number of incidents occurring on-the-job.  Approximately thirteen

15  years after joining the Department, Plaintiff was disciplined for his involvement in an incident in

16  which carjack suspects were tased.  FAC ¶ 20-25.  Plaintiff refused to sign an agreement accepting

17  the proposed punishment for this incident and consulted his union attorney regarding his rights,

18  behavior which Plaintiff alleges caused then-Chief of Police Medina and then-Deputy Chief Solano

19  to become "irate" and prompted them to intimidate and threaten him.  FAC ¶ 24-25.   Later,

20  Plaintiff cited the Mayor of Watsonville for a violation of the vehicle code, which caused Medina

21  to "express[] great anger towards [Plaintiff]."  FAC ¶ 31.  Following that incident, an excessive

22  force complaint was filed against Plaintiff, which Plaintiff contends "was the perfect 'vehicle' for

23  [Medina and Solano] to seize upon to fire Plaintiff" despite the fact that he was "cleared of any

24  wrongdoing."  FAC ¶¶ 38-39.  Most recently, Plaintiff withdrew his gun during a traffic stop of a

25  speeding car, and though none of the defendants complained, Medina and Solano "claimed

26  Plaintiff had committed some sort of violation in some unknown manner." FAC ¶ 40.

27

28  
Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Next Plaintiff points to internal complaints that he filed.  He alleges that he prepared two or three written memoranda regarding a female officer, the wife of a lieutenant, whom he described "as not adequately backing up officers in dangerous situations."   FAC ¶ 30.  However, these complaints "fell on deaf ears" and caused him to "suffer[] further harassment and persecution." Id.

Finally Plaintiff points to his union activities.  Plaintiff alleges that the handling of the taser incident allowed him "to become aware of the importance of a strong union" and he thereafter became "very active in the union."  FAC ¶ 26.  "His efforts were fruitless" because the union president and Medina were "close personal friends and frequently played golf together." FAC ¶ 27.  So Plaintiff ran for President of the union, making campaign promises that "big changes" were in store and that the union "would go to bat for its officers." FAC ¶ 28.  Plaintiff won this election. Id.  After Plaintiff became President, he spoke out on Medina and Solano's "corruption, wrongdoing and misconduct," causing Medina to "indicat[e] that he was determined to get rid of [Plaintiff]." FAC ¶ 29.  In his capacity as union President, Plaintiff refused, despite pressure from Solano, to support a certain candidate for the California State Assembly.  FAC ¶ 32.  Also in his capacity as President, Plaintiff advised an officer regarding his rights during a 2008 internal investigation following that officer's arrest for driving under the influence.  FAC ¶¶ 33-35, 37.  Plaintiff refused to falsely testify during this investigation that he had witnessed this officer being intoxicated. FAC ¶ 36.  Plaintiff learned that Medina was angry over Plaintiff's behavior during the investigation.  FAC ¶ 35, 37.

Shortly after the traffic stop incident, Plaintiff was placed into a temporary office position.  Plaintiff alleges that at that time he was informed that Medina and Solano had initiated a "full investigation…into his past." FAC ¶ 42.  At some point after Plaintiff had been assigned the office position, Medina retired and informed Plaintiff that "he (plaintiff) would very soon be made an example for all of the department to see." FAC ¶ 43.  Solano assumed the position of Chief of Police, and allegedly immediately hired BEMA, Medina's private investigation firm, to conduct an investigation into Plaintiff.  Id.  On February 10, 2010, after returning from a sick leave, Plaintiff

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

United States District Court
For the Northern District of California

1   was escorted out of the office and had his gun and badge removed.  FAC ¶ 45.  Then on May 10,

2   2010 Plaintiff was terminated.  FAC ¶ 47.

3       Plaintiff filed an appeal of his termination, but soon thereafter suffered a stroke.  FAC ¶ 52.

4   After recovering most of his physical abilities, his appeal was heard by a panel of commissioners

5   appointed by members of the City Council.  FAC ¶ 53.  On November 13, 2011, the panel found in

6   favor of the Plaintiff.  FAC ¶ 54.  The City took the panel's decision under advisement, but

7   ultimately City Manager Palacios rejected it, upholding the original termination. FAC ¶ 55.

8       Plaintiff then filed this suit against Defendants the City, Palacios (the City Manager),

9   Solano (the Deputy Chief, and later the Chief of Police), Medina (Chief of Police), and BEMA

10  (Medina's private investigation firm) on May 4, 2012, bringing claims under 42 U.S.C. § 1983 for

11  violation of his constitutional rights, the California's Police Officer Bill of Rights ("POBR"), Cal.

12  Gov. Code. §§ 3300-3313 and the Racketeer Influenced and Corrupt Organizations Act (RICO).

13  Compl., Dkt. No. 1.  On August 27, 2012 Plaintiff filed the FAC, which dropped the RICO cause

14  of action.  Dkt. No. 9.  Defendants the City, Palacios, Medina and Solano filed their Motion to

15  Dismiss on October 26, 2012, and Defendant BEMA filed its Motion to Dismiss on November 9,

16  2012.  The court now turns to the substance of these motions.

17  **II.     LEGAL STANDARD**

18      Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

19  complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and

20  the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

21  (internal quotations omitted).   A complaint which falls short of the Rule 8(a) standard may be

22  dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

23  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only

24  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

25  cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th

26  Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether

27  the complaint is sufficient to state a claim, the court must accept as true all of the factual

28

4

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

allegations contained in the complaint. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).

If a district court considers evidence outside the pleadings in a motion to dismiss, it must normally convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond. <u>See</u> <u>United States v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. <u>Id.</u> at 908. The court may treat such a document as part of the complaint, and may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).

### III.   DISCUSSION

#### a.  Claims against Defendant BEMA

Defendant BEMA argues that Plaintiff's First, Second, Third, and Fifth causes of action must be dismissed as against it because it was not incorporated during the relevant time period governing these claims. Plaintiff's First, Second, and Third causes of action are retaliatory termination claims, and thus focus on activity prior to Plaintiff's termination on May 10, 2010. <u>See</u> FAC ¶ 47. Plaintiff alleges that the Department hired BEMA in late 2009 to investigate him. FAC ¶ 43. However, BEMA did not incorporate until September 13, 2010[1]—six months after Plaintiff's termination. The first three causes of action against BEMA are implausible because BEMA did not legally exist prior to Plaintiff's termination. The court need not accept as true allegations that contradict facts which may be judicially noticed. <u>See, e.g.</u> <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986). Therefore, these three causes of action are DISMISSED without

---

[1] The court GRANTS Defendant BEMA's Request for Judicial Notice pursuant to Federal Rule of Evidence 201 because the California Secretary of State incorporation record for BEMA is a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  leave to amend as against BEMA.  Plaintiff's Fifth cause of action for civil conspiracy also relates

2  to activity that allegedly occurred before Plaintiff's termination, and thus is also DISMISSED

3  without leave to amend as against BEMA.  Plaintiff's Fourth cause of action relates to his

4  administrative appeal, which occurred in November 2011, and is discussed more fully later in this

5  Order.  Though BEMA was incorporated at the time of his appeal, Plaintiff has failed to allege any

6  activity on the part of BEMA, let alone the "integral participation" necessary.  Chuman v. Wright,

7  76 F.3d 292, 294 (9th Cir. 1996) (citation omitted).   Accordingly, Plaintiff's Fourth cause of

8  action is DISMISSED with leave to amend as against BEMA.

9            **b.  § 1983 Claims for Violation of Plaintiff's Constitutional Rights**

10               **i.  <u>Monell</u> Liability**

11        The City claims that Plaintiffs' First, Second, Third, and Fourth causes of action must be

12  dismissed as to it because Plaintiff has failed to properly plead a claim for municipal liability as

13  required by Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978).  In Monell, the

14  Supreme Court held that a "local government may not be sued under § 1983 for an injury inflicted

15  solely by its employees or agents." 436 U.S. at 694.  "Instead, it is when execution of a

16  government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

17  may fairly be said to represent official policy, inflicts the injury that the government as an entity is

18  responsible under § 1983."  Id.   Accordingly, to state a claim for municipal liability under § 1983,

19  a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality had a

20  custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional

21  right; and (4) the policy was the moving force behind the constitutional violation.  East v. City of

22  Richmond, No. 10-CV-2392, 2010 WL 4580112 *3 (N.D. Cal. Nov. 3, 2010) (citing Monell, 436

23  U.S. 658).  Such a policy may be found in "(1) an express municipal policy, such as an ordinance,

24  regulation, or policy statement; (2) a widespread practice that, although not authorized by written

25  law or express municipal policy, is so permanent and well settled as to constitute a custom or usage

26  with the force of law; or (3) the decision of a person with final policymaking authority ratifying a

27  subordinate's unconstitutional decision or action and the basis for it."  Ramirez v. County of

28

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

Alameda, No. 12-CV-4852, 2013 WL 257087 *3 (N.D. Cal. Jan. 23, 2013) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 123–27 (1988)).

Here, Plaintiff has pled that the City, its Chiefs of Police (Solano and Medina), and its City Manager (Palacios) have violated his constitutional rights. Plaintiff argues that Defendants operated at "the very highest level" of the Department, and had the responsibility of giving final orders. Pl. Opp'n 9, Dkt. No. 26. "By definition," Plaintiff argues, "their acts do represent official decisions." Dkt. No. 26 at 8. That Plaintiff has named highly-ranked officials as Defendants does not satisfy Rule 8(a) or Monell's requirements. See Pembauer v. City of Cincinnati, 475 U.S. 468, 481-82 (1986) ("the fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion"). Municipal liability attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Id. at 483. The FAC is devoid of allegations explaining how any decision or action taken by any of these Defendants reflects a "policy or custom" on the part of the City. Monell, 436 U.S. at 694. Plaintiff has failed to allege that the Defendants had the responsibility of establishing final policy and what particular actions any of these Defendants took that may have constituted a "policy" sufficient to render the City subject to municipal liability. Accordingly, Plaintiff's First through Fourth causes of action are DISMISSED with leave to amend as to the City.

### ii.  Plaintiff's First and Second Causes of Action for Retaliatory Termination

Plaintiff's first two causes of action allege that Defendants retaliated against him for exercising his First Amendment rights in speaking out on alleged corruption and misconduct within the City police department and actively participating in and leading the police union. FAC ¶¶ 58, 63. Defendants argue that these claims must be dismissed because the assertions are vague and do not demonstrate that Plaintiff engaged in speech on a matter of public concern. Individual

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

Defendants Palacios, Solano, and Medina further contend that they are entitled to qualified immunity for Plaintiff's First and Second Causes of action.

## 1. Matters of Public Concern

The Supreme Court has established that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick v. Myers, 461 U.S. 138, 147 (1983). Thus, to establish a claim of First Amendment retaliation, Plaintiff must allege that he (1) spoke on a matter of public concern; (2) as a private citizen rather than a public employee; and (3) his protected speech was a substantial or motivating factor in the adverse employment action. Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009). Defendants argue that Plaintiff's speech did not involve a matter of public concern. "Speech involves a matter of public concern when it can fairly be considered to relate to 'any matter of political, social, or other concern to the community.'" Johnson v. Multnomah County, 48 F.3d 420, 422 (9th Cir. 1995) (quoting Connick, 461 U.S. at 146). To determine whether Plaintiff's speech addresses a matter of public concern, the court must examine "the content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48.

The speech alleged in the FAC includes Plaintiffs' refusal to accept punishment (FAC ¶ 24), his complaints to Medina and Solano (FAC ¶ 27), his telling Medina and Solano that they were making illegal threats and blackmailing him (FAC ¶ 25), his internal complaint regarding a female officer not adequately backing-up other officers (FAC ¶ 30), his telling the truth during an Internal Affairs investigation regarding another officer (FAC ¶ 36), his campaign promises when running for union president (FAC ¶ 28), his refusal to support a political candidate in his capacity as union president (FAC ¶ 32), the advisements he gave as union president (FAC ¶ 34), and his speaking out on "corruption and misconduct" in the City police department (FAC ¶ 58). The majority of these allegations are devoid of factual detail. Moreover, Plaintiff fails to identify what

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

United States District Court
For the Northern District of California

1    elements, if any, of this speech raise a matter of public concern.  This lack of clarity renders the

2    First and Second causes of action subject to dismissal for failure to satisfy Rule 8(a).

3         Even if Plaintiff had alleged that all of his speech was a matter of public concern, these

4    claims would still likely be dismissed.  On their face, these assertions appear to relate more to

5    "individual personnel disputes and grievances" than they do to a matter of a public concern.  In

6    Connick v. Myers, the Supreme Court found that an assistant district attorney's speech—

7    confronting her supervisors regarding the office's transfer policy and circulating a questionnaire

8    soliciting the input of her coworkers on the transfer policy, office morale, the need for a grievance

9    committee, the level of confidence in supervisors, and whether employees felt pressured to work in

10   political campaigns—reflected one employee's dissatisfaction but did not constitute speech on a

11   matter of public concern.  461 U.S. at 141, 147-48.  The Court specifically contrasted the

12   employee's speech to speech that did touch on public concern, which included a teacher who had

13   testified before a legislative committee, a teacher who had relayed an internal memorandum to a

14   radio station that implicated the relationship between teacher appearance and public support for

15   school bonds, and an employee's statements concerning a school district's allegedly racially

16   discriminatory policies.  Connick, 461 U.S. at 145-46.  Here, Plaintiff's alleged speech more

17   closely resembles the speech rejected in Connick than it does speech held to be a matter of public

18   concern.  His allegations do not suggest that Plaintiff spoke out as a private citizen on matters of

19   interest to the broader community but rather that he lodged complaints and otherwise acted in

20   relation to his own employment status, position as the union president, and relationship with senior

21   management. Plaintiff makes no allegations linking any of his union activities to a matter of public

22   concern. Similarly, his vague assertions that he "spoke out on a matter of public interest, to wit:

23   corruption and misconduct in the CITY police department" does not save his claims. FAC ¶ 58.

24   Plaintiff must identify what corruption and misconduct he spoke out against, what he said, to

25   whom, and in what forum.  Therefore, the Court DISMISSES with leave to amend Plaintiff's First

26   and Second Causes of Action.

27

28

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

### 2.   Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).   When, as here, a plaintiff alleges claims against public officials that require proof of wrongful motive, it is incumbent on the court to "exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."  Crawford-El v. Britton, 523 U.S. 574, 585, 597-98 (1998).   In considering qualified immunity, the court must consider (1) whether a constitutional violation has occurred, and (2) whether a reasonable officer would have known that he or she was violating the plaintiff's constitutional rights.  While this two-step process may be beneficial, its sequence is not mandatory.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009).   Particularly, courts have recognized that the two-step inquiry "is an uncomfortable exercise where ... the answer [to] whether there was a violation may depend on a kaleidoscope of facts not yet fully developed," e.g. in the pleading stage.  Pearson, 555 U.S. 239 (citations omitted).

Because Plaintiff here has failed to satisfy Rule 8(a), the court does not have sufficient information to make a decision regarding qualified immunity at this time.  Therefore, the court GRANTS Defendants' Motion for a More Definite Statement as to the First and Second causes of action.   In his amended pleading, Plaintiff must "'put forward specific, nonconclusory factual allegations'" that establish these two constitutional claims, and particularly, "that establish improper motive causing cognizable injury" on the part of each defendant.  Crawford-El, 523 U.S. at 598 (citing Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy, J. concurring).

### iii.   Plaintiff's Fourth Cause of Action for Violation of Procedural and Substantive Due Process

Plaintiff's Fourth cause of action alleges that Plaintiff was denied substantive and procedural due process "in that the hearing provided [appealing Plaintiff's termination] was neither

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

United States District Court
For the Northern District of California

1   timely nor meaningful."  FAC ¶ 73.  "In order for a person acting under color of state law to be

2   liable under section 1983 there must be a showing of personal participation in the alleged rights

3   deprivation."  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  The court cannot consider §

4   1983 liability against a group; rather, Plaintiff must establish the "integral participation" of each of

5   the Defendants in the alleged constitutional violation.  <u>Id.</u> at 935 (citing <u>Chuman v. Wright</u>, 76 F.3d

6   292, 294 (9th Cir. 1996).  Plaintiff's complaint is devoid of any individualized allegations against

7   Defendants Medina, Solano, or BEME.  Therefore, the Fourth Cause of Action is DISMISSED as

8   to these three Defendants with leave to amend.

9               **iv.  Plaintiff's Fifth Cause of Action for Civil Conspiracy**

10          Plaintiff's Fifth cause of action alleges that Defendants conspired to terminate Plaintiff in

11   retaliation for his exercising his constitutional rights.  Defendants, citing Eleventh Circuit law,

12   argue that this claim must be dismissed without leave to amend because an employer cannot

13   conspire with its own employees or agents.  The intracorporate conspiracy doctrine is a principal in

14   antitrust law, "which holds that a conspiracy requires 'an agreement among two or more persons or

15   distinct business entities.'"  <u>U.S. v. Hughes Aircraft Co., Inc.</u>, 20 F.3d 974, 979 (9th Cir. 1994)

16   (citations omitted). While several circuits have extended this rule to civil rights cases, the Ninth

17   Circuit has expressly reserved the issue.  <u>See</u> <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 910

18   (9th Cir. 1993) (listing cases).  The court declines to extend the scope of that doctrine here.

19          Defendants also contend, and Plaintiff concedes, that this cause of action has not been

20   adequately pled.  The court agrees, and DISMISSES the Fifth Cause of Action with leave to

21   amend.

22               **c.  POBR Claim**

23          Defendants Medina, Solano, and the City argue that Plaintiff's Sixth cause of action for

24   violation of the POBR must be dismissed without leave to amend because the statute of limitations

25   has run.  In order to bring suit for damages against a public entity in California for certain causes of

26   action, a plaintiff must first present a claim to the public entity and receive a decision by the entity.

27   If the entity rejects the claim, the plaintiff must file any court action on the claim within six months

28

                                                      11

United States District Court
For the Northern District of California

1  from the date of the rejection notice.  Cal. Gov. Code § 945.6.  Plaintiff filed a tort claim alleging

2  violations of the POBR on May 2, 2011 (Def. Request for Judicial Notice ("RJN") Ex. 2, Dkt. No.

3  16-1)[2], which the City rejected (Def. RJN Ex. 2),  informing Plaintiff's attorney of the rejection by

4  letter dated May 19, 2011 (Def. RJN Ex. 3).  That rejection letter contained a warning notifying

5  Plaintiff that he had six months from the date of the notice to file an action on his POBR claim.

6  Plaintiff filed the current action on May 4, 2012—nearly one year after he received the rejection

7  letter and clearly outside of the statutory period.  In his Opposition, Plaintiff does not acknowledge

8  this claim or its rejection, but rather directs the court's attention to a second claim he filed, which

9  was rejected by letter dated April 12, 2012.  This additional tort claim is of no moment because

10  Plaintiff's original tort claim covered the entirety of the POBR violations he asserts in this lawsuit.

11  Therefore, he was bound by the original rejection letter, which required him to file a lawsuit within

12  six months of May 19, 2011.  Because Plaintiff failed to file a lawsuit on the POBR claim within

13  the prescribed time period, that claim is now DISMISSED without leave to amend.

14  **IV.    CONCLUSION**

15  For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss.  Plaintiff's

16  First, Second, Third, and Fifth causes of action as to BEMA are DISMISSED without leave to

17  amend.  The Fourth cause of action as to BEMA, Solano, and Medina is DISMISSED with leave to

18  amend, and the First, Second, and Fifth causes of action are DISMISSED with leave to amend as to

19  the City, Palacios, Solano, and Medina.  Plaintiff's Sixth cause of action is DISMISSED without

20  leave to amend as to all alleged defendants.  Additionally, Defendants the City, Solano, Medina,

21  and Palacios' Motion for a More Definite Statement is GRANTED as to the First and Second

22  causes of action.

23  Any amended complaint must be filed within thirty days of the date of this Order.  Plaintiff

24  is advised that he may not add new claims or parties without first obtaining Defendants' consent or

25  leave of court pursuant to Federal Rule of Civil Procedure 15.  Plaintiff is further advised that

26

27

28

---

[2] Pursuant to Federal Rule of Civil Procedure 201, the court GRANTS Defendants' Request for Judicial Notice (Docket Item Number 16-1) as to Exhibits 2-4 and GRANTS Plaintiff's Request for Judicial Notice (Docket Item Number 29).

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.

1    failure to amend the complaint in a manner consistent with this order may result in the dismissal of

2    this action.

3    **IT IS SO ORDERED**

4    Dated: February 15, 2013

5    

6    EDWARD J. DAVILA
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

13

Case No.: 5:12-CV-02271-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING IN PART
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT.